ALLA TENINA, ESQ., STATE BAR NO. 224767
15250 Ventura Blvd. Suite 601
Sherman Oaks, CA 91403
Telephone: (213) 596-0265
Fax: (818) 928-6880
E-Mail: Alla@teninalaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>SONIA ELIZABETH TOBAR,<br><br>Debtor. | ADV Case No.: 2:22-ap-01138-SK<br><br>Case No.: 2:22-bk-11864-SK<br><br>Chapter 13 |
| TERESA VASQUEZ, FERNANDO PANAMENO, REYNA PANAMENO, LIDIA MAGANA<br><br>   Plaintiffs,<br><br>v.<br><br>SONIA ELIZABETH TOBAR<br><br>   Defendant. | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Fed.R.Civ.P. 12(b)(6)]<br><br>Date: August 24, 2022<br>Time: 9:00 a.m.<br>Ctrm: 1575 |

TO PLAINTIFF AND TO ITS COUNSEL OF RECORD HEREIN:

  Please take notice that on August 24, 2022 at 9:00 a.m. in the Courtroom of the Honorable Sandra R. Klein, located at 255 E. Temple Street, Los Angeles, CA 90012, Courtroom 1575, Defendant Sonia Elizabeth Tobar will move this Court for an order dismissing the Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6), with prejudice and without leave to amend.

The Motion will be made on the grounds that the Complaint fails to state claims on which relief may be granted against Defendants because:

(i)     The First Claim fails to state a claim upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all records and files herein, and in the event the Court requests a hearing, upon such documentary evidence and oral argument of Counsel as may be presented at the time of hearing in this matter.

DATED: July 19, 2022                                                Tenina Law, Inc.


                                                                    /s/ Alla Tenina
                                                                    Alla Tenina
                                                                    Attorney for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

Defendant, Sonia Elizabeth Tobar ("Defendant") moves this court for an order dismissing the above listed claim against her.

**II.**

**A MOTION TO DISMISS IS PROPERLY GRANTED WHERE A CLAIM ALLEGES NO FACTS THAT WOULD ENTITLE PLAINTIFFS TO RELIEF**

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper where there is neither a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc., 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting Balistereri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1998). Plaintiffs were obligated to provide the 'grounds' for their 'entitlement to relief' beyond labels and conclusions, and a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, "factual allegations must be enough to raise a right to relief above the speculative level." Id. Further, Courts are not bound to accept as true a legal conclusion concluded as a factual allegation. Id. As set forth herein, Plaintiff's claims against Defendant each fail to state facts which would entitle Plaintiff to relief. Accordingly, each of Plaintiff's claims below should be properly dismissed.

Furthermore, a Summary Judgment should be granted when "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCivP); see also Federal Rules of Bankruptcy Procedure (FRBP) 7056-1. A fact is

3

material if it might affect the outcome of a proceeding under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (U.S. 1986). Once the motion has been supported by prima facie showing of entitlement to judgment as a matter of law, the party opposing the motion must go beyond the pleadings and demonstrate that a material issue of fact exists to make summary judgment inappropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324, (U.S. 1986); <u>Martin v. Commercial Union Ins. Co.</u>, 935 F.2d. 235, 238 (11th Cir. 1991).

As discussed herein below, the Plaintiff Complaint fails to state any facts upon which relief may be given to this Plaintiff and any material issue of fact which might preclude the grant of Summary Judgment in this matter.

### III.

### THE SECOND CLAIM UNDER 11 U.S.C. §523(A)(6) (WILFUL AND MALICIOUS INJURY) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Section 523(a)(6) excepts from discharge any debt of the debtor "for willful or malicious injury to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Under §523(a)(6), Defendant's actions would need to equate with "willful and malicious" injury within the meaning of the Code. The first step of this inquiry is whether there is "willful" injury, which is must entail a deliberate or intentional injury. <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61-62 (1998). In the Ninth Circuit, the intent required to be considered "willful" is either the subjective intent of the actor to cause harm or the subjective knowledge of the actor that harm is substantially certain to occur. <u>Carrillo v. Su (In re Su),</u> 290 F.3d 1140, 1144-45 (9th Cir. 2002).

The second step of the inquiry is whether Debtors' conduct was "malicious." The relevant test for such "malicious" conduct is: 1) a wrongful act; 2) done intentionally; 3) which necessarily causes

4

injury; and 4) without just cause and excuse. Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1105-1106 (9th Cir. 2005).

A. THE WILLFUL ASPECT OF 523(a)(6) AS INTERPRETED BY CASE LAW:

(1) The Geiger case requires "deliberate and intentional injury":

In the case Margaret Kwaauhau v. Geiger, 523 U.S. 57 (1998), the Supreme Court established that a "deliberate or intentional injury" (not simply a deliberate and intentional act) is required for Section 523(a)(6) to render a debt nondischargeable. The Court states:

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." ...The (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself. Id, 523 U.S. 61 - 62 (citations omitted), 118 S. Ct. 974, 977.

(2) Ninth Circuit Carillo case requires subjective intent: The Ninth Circuit Court of Appeals in the case Carillo v. Su (In re Su), 290 F. 3d 1140 (9th Cir. 2002), applying Geiger, decided that the state of mind of the debtor that is required to satisfy Section 523(a)(6)'s willful injury requirement is a subjective one. According to the Restatement (Second) of Torts § 8A (1964), the Ninth Circuit states, "an action is intentional if an actor subjectively 'desires to cause consequences of his act, or ...believes that the consequences are substantially certain to result from it.'" Id at 1143 - 1144. The Ninth Circuit continues:

While the Geiger Court did not focus on this section of the Restatement (dealing with situations in which an actor is "substantially certain" that harm will result from his acts), the Eighth

Circuit opinion that the Court affirmed addressed this Restatement provision in some detail, equating § 523(a)(6) with intentional torts and defining such torts as actions where an actor subjectively desires to cause an injury or believes that an injury is substantially certain to result from his or her acts. Geiger v Kawaauhau (In re Geiger), 113 F.3d 848, 852 (8th Cir. 1997) (en banc), aff'd, 523 U.S. 57 (1998). Id, at page 1143.

(3) Ninth Circuit recognizes split in Circuits: The Ninth Circuit Court of Appeals in Carillo recognizes a split in the Circuits as to what state of mind is required to satisfy Section 523(a)(6)'s willful injury requirement. However, the Sixth Circuit's interpretation of §523(a)(6) in the case of Markowitz v. Campbell (In re Markowitz), 190 F.3d 455 (6th Cir. 1999) exemplifies the strict subjective approach which the Ninth Circuit adopted in Carillo, namely, a debt is nondischargeable under § 523(a)(6) only if the debtor intended to cause harm or knew that harm was a substantially certain consequence of his or her behavior. See Carillo, supra, at page 1143.

B. THE "MALICIOUS" ASPECT OF SECTION 523(A)(6) AS INTERPRETED BY CASE LAW:

The Ninth Circuit Court of Appeals treats the "malicious" injury requirement of Section 523(a)(6) separate from the "willful" requirement. The Court in Carillo, supra, states:

The BAP correctly observed that in In re Jerich, we treated the "malicious" injury requirement of § 523(a)(6) as separate from the "willful" requirement. According to In re Jercich: "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" 238 F.3d at 1209 (quoting In re Bammer, 131 F.3d at 791); see also id. at 1209 n. 36 (emphasizing that the "maliciousness standard - and in particular our 'just cause and excuse' prong - survived Geiger" and distinguishing In re Miller, where "the 'just cause or excuse'

standard has been displaced by Geiger and ...[where] the 'willful' and 'malicious' prongs [have been collapsed] into a single inquiry").

While Carrillo contends that the four factors can be ascertained by examining the record, the trial judge in our case did not make such findings in his Statement of Decision.

C.  STATEMENT OF DECISION IN STATE COURT ACTION

The complaint in the state court revolves around violations of the Rent Stabilization Ordinance (RSO). RSO is a draconian set of ordinances, complicated and convoluted, designed for a specific purpose of punishing landlords for every minor violation when it comes to eviction. And the LA City Council keeps adding new regulations to RSO year after year. In fact, every new regulation encourages the property owners to convert the units to owner occupancy. There are so many RSO regulations that it takes a lot more skill to manage the units because of the constant addition of new regulations. These regulations are encouraging the property owners to take their units off the market. A lot of times the owners make mistakes in RSO procedures, which cost them dearly in a long run.

The state court judge recited the facts of the case stating that the law was not followed and it was at least the ignorance of the law which caused infliction of emotional distress on the plaintiffs.

As for knowledge of the law, the maxim "ignorance of the law is no excuse" is a familiar concept and "[n]o doctrine is more universal or of more ancient vintage in the law than that ignorance of the law excuses no one." Cheek v. U.S., 498 U.S. 192, 199 (1991). It is commonly applied in a criminal context but rarely in one that is civil. Frank P. Randazzo v. Harris Bank Palatine, N.A., 262 F.3d 663, 667 (7th Cir. 2001) (stating that "[a]lthough the principle that 'ignorance of the law is no excuse' has been unquestioned in Anglo-American criminal jurisprudence, the development of an analogous principle in civil matters always has been subject to more limitations because of the development of equitable principles in chancery practice.") The basic proposition is that knowledge of

7

the law defining an offense is often not itself an element of the offense. The state court judge does not address the specific requirements of 523(a)(6), which make this adversary complaint and its one cause of action just a conclusory statement with no nexus to the elements of §523(a)(6).

## IV.

## CONCLUSION

Plaintiffs' allegations, no matter how they word it will run into Carillo and Geiger. Thus, as she will never be able to prove "wilful or malicious injury" under these circumstances, the complaint should be dismissed without leave to amend.

Dated: July 19, 2022　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Alla Tenina
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
15250 Ventura Blvd., Suite 601
Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6);  MEMORANDUM OF POINTS  AND  AUTHORITIES IN SUPPORT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/19/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Kathy A. Dockery, (TR), efiling@CH13LA.com
US Trustee (LA) ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  07/19/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R, Klein                              Gina Lisitsa, Esq.
255 E. Temple Street Ste 1582              LISITSA LAW, INC.
Los Angeles, CA 90012                          9100 Wilshire Boulevard, Suite 725E
                                                               Beverly Hills, CA 90212

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/19/2022 | Alla Tenina | | /s/ Alla Tenina |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**